IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Action No. 1:23-cv-00678-JMC

WILDERNESS WORKSHOP, ROCKY MOUNTAIN WILD,
    Plaintiffs,

  v.

MERYL HARRELL, CHRIS FRENCH, SCOTT FITZWILLIAMS, FRANK BEUM, TAMARA ANGEL, UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE,
    Defendants,

BERLAIMONT ESTATES, LLC,
    Defendant-Intervenor.

---

## DECLARATION OF ANDY WIESSNER

---

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. My name is Andy Wiessner and I am of legal age and competent to give this declaration. All information herein is based on my own personal knowledge unless otherwise indicated.

2. I am a member of Wilderness Workshop and was on the Wilderness Workshop Board for 13 years. I currently live in Old Snowmass, Colorado, but have many friends in the Vail Valley and good friends who live in Singletree near the proposed Berlaimont road project. I also lived in the Vail Valley for 14 years and am very familiar with the landscape, wildlife, recreation use and development patterns in the area. I also served on the Board of the Eagle Valley Land Trust for 13 years, and gained extensive knowledge of Eagle Valley lands in the process. Indeed, in that capacity I actually toured the Berlaimont lands with a former Forest

Service District Ranger (Cal Wettstein) when we were looking at conserving the State Trust Section 16 referenced in paragraph 6 below.

3. I have hiked the existing Berry Creek road this winter and many, many times over the past few years. Here is a picture of the area that I took during a fall hike several years ago:



4. On my last visit this winter, I saw deer and elk all over the proposed route. I was with a friend when he took this photo that day:



5. This was a big snow year, and the hillside where Berlaimont's road is proposed across the National Forest was one of the only undeveloped places in the Valley where deer and elk could find forage and security from disturbance by humans and their cars and dogs. It was clear to me on that visit that Berlaimont's road, and all the traffic necessary to maintain houses on that inholding, will lead to direct mortality of wintering deer and elk. The Forest Service EIS on the Berlaimont project admits that the proposed road will result in increased elk and deer mortality. And the disturbance associated with the hundreds of vehicle trips per day that the U.S. Forest Service anticipates will cause wildlife to disperse from the valuable habitat where the road will be built. The dispersal effects will push deer and elk into less productive habitat, if they can find anything that isn't buried in snow. Further, it will force

deer and elk to expend calories moving at a time of year when those animals survive on starvation diets by conserving energy, moving very little, and avoiding unnecessary expenditure of energy. Given the extent to which other winter range in the Valley has been developed, I think paving this habitat will have serious adverse impacts on deer and elk populations, which are already stressed in the valley. Those populations have long been in decline due to development decisions we have made. If we want these animals to survive we need to protect the small amount of habitat left. The decline in these deer and elk populations has a detrimental impact on my well-being year-round, and in particular when I visit the area that would be directly and indirectly impacted by the Berlaimont Estates project.

6. Many years ago, I worked with Colorado Attorney General Ken Salazar to secure permanent protection of a Section of Colorado School Trust Land in Section 16, Township 4 South, Range 82 West that lies immediately to the northeast of the upper portion of the Berlaimont Estates parcel. The prime reason for conserving that Section, which is now owned by the Forest Service, was to prevent it from being sold and developed by the State Land Board because it, like Berlaimont, had critical elk and deer winter range, and also the second largest mule deer migration corridor in Colorado. It seems like much of the good done by that land exchange would be negated if Berlaimont is given paved road access to maximize its development.

7. I was also worked as staff in Congress (House Interior Committee) when ANILCA was passed in 1980 and was involved with the wording of Section 1323 of ANILCA when it came over to the House. ANILCA was concerned with the contentious public land management challenges that are unique to Alaska.

8. What is clear in my mind, whether applied inside or outside of Alaska, is that section 1323 gives very broad discretion to the Secretary of Agriculture to grant only such access to National Forest inholdings "as the Secretary deems adequate to the owner for the reasonable use and enjoyment" of his land. And, under the Forest Service's 36 CFR regulations, that the Secretary has to ensure that environmental impacts on the public lands are minimized.

9. To me it is very clear that whatever statutory provision is applied, the Secretary can, and should, limit Berlaimont's access to dirt road access only, and probably limit car and truck access to summer months. That is what exists today. And, CRITICALLY, Berlaimont knew when they bought their land that it was surrounded by National Forest land where vehicular traffic was prohibited in winter to protect wildlife winter range….and they knew that it had dirt road access only. What ever happened to the concept of "buyer beware"? Berlaimont bought their land with these known restrictions on access, yet they are trying to get the Forest Service to bail them out of a bad investment by breaking the Forest Plan and granting them paved road access…and year-round access. I submit that the taxpayers of the United States, who own this National Forest land, are not obligated under any federal law to grant more access than currently exists. There are other inholdings in the Valley that are only accessible via dirt roads in the summer and via oversnow vehicles in the winter months, like Piney River Ranch, Shrine Mountain, and Fulford.

10. One thing is clear from this process and from the U.S. Forest Service's decision. This proposed plan would bring more people into the general area north of I-70 that is otherwise characterized by federal public lands, and also facilitate a substantial increase in motorized winter use and recreation in, or near, prime and critical wildlife habitat. It strikes me that way too much emphasis was placed on human needs and wants, rather than the needs of wildlife,

in considering Berlaimont. Given the shrinking deer and elk populations in Eagle County, the needs of wildlife should be paramount to the Forest Service, as set out in the current Forest Plan that the White River National Forest amended in order to facilitate the Berlaimont Estates approval. To permit the paved Berlaimont Road, wildlife protections in the Forest Plan need to be eliminated, and there is no legal or other equitable reason to do that. Berlaimont was not an innocent buyer, and does not deserve to be bailed out by Uncle Sam. We should stick with the Forest Plan and grant them dirt road access only, and limit winter access to oversnow vehicles only. Mitigation to protect winter habitat and calving areas must also be taken into consideration.

11. It is illogical to me that the U.S. Forest Service used the Lake Agnes road near Rabbit Ears Pass (Steamboat Springs) as a comparable road to justify pavement at Berlaimont. There are numerous very important differences that distinguish the Berlaimont road from the Lake Agnes road. The wildlife habitat values in the two areas concerned are not comparable. I have visited the Lake Agnes Road and photographed it. I sent those photos to the Forest Supervisor. As the photos clearly indicate, the Lake Agnes road is NOT paved. It is a dirt road with a very gentle grade. Second, it is not in designated critical wildlife winter range for deer or elk and is not an area closed to winter vehicular use by the applicable (Arapaho National Forest) Forest Plan. Third, the Lake Agnes road it is in relatively gentle terrain, and does not have any alpine type switchbacks or retaining walls and it does not cross any steep slopes like the Berlaimont Road will. By way of contrast, the proposed Berlaimont Road will involve numerous switchbacks in steep terrain, long retaining walls and will go up extremely steep slopes, gaining lots of elevation. I would not want to be an Edwards, CO, firefighter

having to respond to a future fire at Berlaimont, as their comments to the Forest Service have indicated. Here are two pictures of the Lake Agnes road that I took:





12. I also note that the U.S. Forest Service 36 CFR regulations pertaining to the granting of access to private "inholdings" under ANILCA require the Forest Service to do so in a manner that will "minimize" adverse impacts to surrounding National Forest lands. Berlaimont's paved road and year-round access would appear to increase, rather than minimize, adverse impacts. In addition, there are many private inholdings in the White River National Forest, including Woods Lake, that are accessed only by dirt or gravel roads. As mentioned above, many inholdings are not accessible by cars and trucks during winter months. This is Colorado, after all. We get a lot of snow here, and winter access to parcels off the beaten track often requires use of a snowmachine, snowshoes, or skis in the snowiest months. Given existing and growing pressure on wildlife habitat and declining wildlife populations, it is also more important than ever before that we protect sensitive habitat habitat—especially winter range.

13. Much of the proposed Berlaimont Estates lie almost 2,000 vertical feet above I-70 and the valley floor. In my opinion, therefore, the developer should have had no expectation of paved road access that climbs 2000 vertical feet out of the valley across public lands when they purchased the property. Again, whatever happened to the concept of "buyer beware"? Berlaimont should have known what they were getting into, and the Forest Service should not be managing the National Forests to facilitate luxury development proposals in important wildlife habitat.

14. Allowing pavement all the way to Berlaimont's land will ruin the current hiking/mountain biking I regularly experience up Berry Creek and beyond, and will disrupt perhaps the best elk and deer winter range left on the north side of the Valley. This area was closed to vehicular use when Berlaimont bought their land, and it was closed PRECISELY to protect

the winter range. I believe the Forest Service has now received more than 4000 signatures from Eagle County residents opposing the Berlaimont road.

15. I have personally been involved as a member of the public, and former Congressional staffer, in management activities on Forest Service lands for about 48 years and have specifically tried to find a long-term solution to the Berlaimont issue, including by supporting a land exchange of the parcel.

16. I am also intimately familiar with the extent of public opposition to this proposal. I helped gather thousands of signatures on a petition opposing the Berlaimont proposal during the administrative process. When I was helping gather those signatures, the reasons most people expressed for opposing Berlaimont pavement were: 1) to protect dwindling deer and elk populations, and 2) because the Berry Creek Road is very popular for hiking, mountain biking, off road driving, snowshoeing and other outdoor recreation.

17. I also participated in the White River National Forest Plan revision process back in the early 2000s. The current Forest Plan is generally good, and the measures in the plan for protection of wildlife are more necessary now than they were when it was implemented due to increasing human pressure on National Forest lands generally, and on sensitive winter wildlife habitat in particular. The Forest Plan should not be amended to allow pavement and winter vehicular use at Berlaimont. The Forest Plan was implemented after years of careful study and analysis and public input. Now, without the benefit of careful and full analysis of its option to deny or severely restrict Berlaimont Estates use of the National Forest to access the parcel, the Forest Service intends to amend those well-reasoned decisions for the benefit of one very damaging real estate scheme. I believe amending the Forest Plan to allow what Berlaimont proposes is both illegal and uninformed.

18. In summary, I use the proposed Berry Creek area quite frequently and plan to continue my regular visits, and strongly object to its being paved. Pavement draws casual "Sunday Drive" type of use, and allowing use of any road in winter will lead to the further demise of the deer and elk herds. If the Forest Service is directed by the Court to carry out the type of lawful analysis that I have seen for other proposals involving the National Forests, I believe the Berlaimont Estates proposal would either be denied or severely restricted, thereby addressing many of the harms to my interests in the National Forest that I describe in my declaration.

Under penalty of perjury, I swear the foregoing is true and correct.

Dated: 7/4/23

*Andy F. Wiessner*
_____

Andy Wiessner