IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDERNESS WORKSHOP, et. al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 23-678-JMC |
| ) | |
| MERYL HARRELL, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Berlaimont Estates, LLC ) | |
| ) | |
| Intervenor-Defendant ) | |

**PLAINTIFFS' STATEMENT OF UNDISPUTED FACT IN SUPPORT OF
PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff, through counsel, provides this statement of undisputed material facts in support of its Cross Motion for Summary Judgment. Local Civil Rule 7(h).

1. The proposed action at issue in this lawsuit involves a request for private use of the White River National Forest in Colorado for the purposes of utilities, ingress, and egress to a parcel of land in Eagle County, Colorado that is currently accessible via Forest System Road (FSR) 774 and FSR 780 from the south and FSR 783 from the west. FS-07118.

2. The White River National Forest Plan confirmed that the area provides "adequate forage and cover (winter range) for deer, elk and other species, and as such, public motorized travel, including over-the-snow vehicles, on FSR 774 and FSR 780 is restricted during winter and spring." FS-007137.

3. The Forest Service did not consider less impacting over-snow access options of the type used when the surface estate was patented in 1935 under the Stock-Raising Homestead

Act of 1916 for ranching purposes. FS-001944 (Federal Land Grant), FS-004593 (Final Environmental Impact Statement)

4. In 2023, the Forest Service concluded that the United States must grant utility and road access across the National Forest that "must allow for snow removal in order to support year-round use by highway-legal wheeled vehicles." FS-007126.

5. The expanded road and utility access request was originally known as the "Edwards Inholding Easement Proposal." 74 FR 2991-2992, (January 16, 2009).

6. The request to use National Forest lands for development access was based on the Alaska National Interest Lands Conservation Act (ANILCA). 74 FR 2991-2992, (January 16, 2009).

7. The proposal became known as "Berlaimont Estates," after the Intervenor purchased the parcel in 2008 for $10.00. 81 FR 55173 (August 08, 2016), FS-002031 (quitclaim deed).

8. "NFS lands in the vicinity of the private inholding are within two Management Areas (MA): 5.41--Deer and Elk Winter Range, and 8.32--Designated Utility Corridors. Per MA 5.41, deer and elk winter ranges are managed to provide adequate amounts of quality forage, cover and solitude for deer, elk, and other species. Consistent with management direction in MA 5.41, human activities are managed so that deer and elk can effectively use NFS lands in the area. Due to the existence of NFS lands managed in MA 5.41, motorized travel, including over-the-snow vehicles, on FSR 774 and FSR 780 is restricted during winter and spring. Granting a year-round easement could result in an inconsistency with Forest Plan standards for MA 5.41." 74 FR 2991-2992, (January 16, 2009).

9. The interests of Plaintiffs, and their members, in wildlife that rely on effective use of National Forest Land in the area impacted by the agency actions under review are harmed by,

among other things, granting the expanded road and utility proposal and removing protections provided by MA 5.41 in the Forest Plan. Ex. 1-7 (Declarations of Plaintiffs' Members), FS-007116 et seq. (Final Record of Decision).

10. A written legal opinion provided to the owners of the parcel in 2009, confirmed that questions regarding ANILCA's application in Colorado "remains an unsettled question." FS-003322.

11. Many of the documents included in the administrative record provided to Plaintiffs' counsel are non-searchable images. *See e.g.* FS-003316 - FS-003322.

12. The Forest Service determined in 2009 that the proposal was subject to the National Environmental Policy Act ("NEPA"). 74 FR 2991-2992, (January 16, 2009).

13. Due to significant impacts involved with the proposal, the Forest Service determined that an Environmental Impact Statement would be required. 74 FR 2991-2992, (January 16, 2009).

14. Another request for access was refiled by Berlaimont Estates in 2016. 81 FR 65624 (September 23, 2016). The Federal Register notice stated, "This Proposed Action considers the issuance of a road easement from the Forest Service to Berlaimont under the authority of the Federal Land Policy and Management Act of 1976 (FLPMA)." *Id*. at 65625.

15. "All [National Forest Service Roads] in this area are currently low development, native surfaced roads." *Id*. at 65624.

16. The Forest Service did not use the NEPA process to inform its "[d]etermination of the level of adequate access under ANILCA." *Id*. at 65624.

17. The ANILCA "reasonable use and enjoyment" determination was not informed by NEPA procedures. *Id*. at 65624.

18. The Forest Service response to pre-decisional objections concluded that the Final Environmental Impact Statement was based on erroneous statements of agency legal authority and analytical errors made while considering the request for utility and road access. FS-007127 FN11, FS-007148-51. These legal and analytical errors were addressed, but not resolved, by an Addendum attached to the Record of Decision. FS-007152-56.

19. The Record of Decision chose Alterative-2-Modified, even though the route was not subjected to detailed consideration of impacts or mitigation measures in the Final Environmental Impact Statement or offered for NEPA comment. FS-007152 (map including elk concentration areas and severe winter range), FS-007123 ("The Alternative 2-Modified route was considered in the DEIS but eliminated from detailed consideration (refer to FEIS, Figure 3).")

20. The proponent-influenced statutory interpretations were treated by the Defendants, including the Forest Service Chief, as if they have binding affect. *See e.g.* ECF 18-1 at 222 (stating, without attribution, that ANILCA "applies to all National Forest System lands").

21. The Final Environmental Impact Statement accepted the discredited notion that post-enactment legislative history can overcome the statutory language and purpose to export the ANILCA access standards from Alaska into Colorado. FS-004152-3.

22. Berlaimont Estates' agents and attorneys exerted prohibited influence on the Forest Service decisionmaking process. Ex. 10.

23. Exhibits provided with this Statement of Fact are agency records that are not contained in the Administrative Record. Ex. 8-11.

24. Emails and other documents found in support of Plaintiff's Response to Motion to Transfer are not contained in the Administrative Record. ECF 18-1, 18-2, 18-4 -18-9.

25. Alternative access routes exist that minimize impacts on the National Forest but were not considered by the Forest Service. Ex. 8

26. Plaintiffs submitted comments at every opportunity the Forest Service provided. FS-000886, FS-005259, FS-005532, FS-005319.

27. The last opportunity for public comments required by NEPA was October 15, 2018. FS-004576.

28. A pre-decisional objection period was opened July 9, 2021, and was limited to persons submitting public comments in 2018. FS-007138.  The pre-decisional objections process is not an administrative appeal. *Id*.

29. Plaintiffs submitted objections to the FEIS (FS-004131 - 004611) and Draft Record of Decision (FS-004612 – 004648).  FS-005454

30. Plaintiffs were not afforded an opportunity to comment on or appeal the 2023 Addendum that provided the unclear and confusing Forest Service articulations of the authorities on which the 2020 FEIS was based. FS-007115.

31. The ROD, along with an Addendum to the Draft ROD and FEIS, was signed on March 10, 2023 in response to a mandamus lawsuit filed by Berlaimont Estates. FS-007151.

32. Plaintiffs were not afforded an opportunity to comment on or file an administrative appeal on the Final Record of Decision.

33. Plaintiffs were not afforded an opportunity to comment on or file an administrative appeal on the determinations made in the Addendum regarding road and utility access.

34. An order of the Court that sets aside the agency's final agency actions for reasons set forth in the complaint would remedy the substantive and procedural harms to Plaintiffs and Plaintiffs' members.  Ex. 1-7.

**RESPECTFULLY SUBMITTED JULY 7, 2023**

                                               s/ Travis E. Stills
Travis E. Stills
D.C. Bar # CO0101
Energy & Conservation Law
227 E. 14th St. Ste 201
Durango, CO 81301
(970) 375-9231
stills@eclawoffice.org

Matthew Sandler
D.C. Bar # CO0105
Rocky Mountain Wild
1536 Wynkoop St. Suite 900
Denver, CO 80202
303-579-5162
Matt@rockymountainwild.org

Peter Hart
D.C. Bar #CO0111
Wilderness Workshop
PO Box 1442/520 S. 3rd St, Suite 27
Carbondale, CO 81623
(970) 963-3977 x12
peter@wildernessworkshop.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023 I served a copy of this filing on all parties using the CM/ECF system, unless otherwise noted below.

                       s/Travis E. Stills
**Travis E. Stills**